Chrysler Corp., plaintiff *v.* United States, defendant

Consolidated Court No. 88–03–00249

(Dated December 11, 1992)

*Barnes, Richardson & Colburn,* (*Robert E. Burke, James A. Karamanis*), for plaintiff. *Stuart M. Gerson,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice, (*Bruce Stratvert*), for defendant.

## MEMORANDUM

Goldberg, *Judge:* The court dismisses this action for lack of prosecution pursuant to USCIT Rule 16(f).

## BACKGROUND

On March 31, 1989, plaintiff filed its complaint with this court challenging the United States Customs Service's appraisal of automobile engines imported by it from France. Defendant filed an answer on July 3, 1989, and an amended answer with a counterclaim on December 27, 1990.

The action was assigned to this chambers on April 8, 1991. On April 20, 1992, the court requested that the parties submit a mutually acceptable proposed scheduling order. The parties complied, and on May, 5, 1992, the court issued a scheduling order pursuant to USCIT Rule 16. Pursuant to the parties request, the scheduling order provided that all motions to join parties or amend the pleadings were due May 29, 1992; discovery was to be completed by October 31, 1992; and, all other motions, including dispositive motions, and requests for trial were due November 30, 1992.

The parties conducted discovery in this action from October 1989 through at least July, 1992. During that period, plaintiff and defendant served numerous sets of interrogatories and requests from production of documents upon each other. Each party also sought and received several extensions of time in which to respond to the discovery during this period. On June 25, 1992, the court granted plaintiff's last extension of time to respond to defendant's third set of interrogatories and request for production of documents.

## DISCUSSION

USCIT Rule 16(f) provides that:

> [i]f a party or party's attorney fails to obey a scheduling or post-assignment conference order * * * the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just * * *.

On May 5, 1992, the court issued its scheduling order which encompassed the dates proposed by the parties. Nevertheless, neither of the

parties filed dispositive motions by November 30, 1992. The plaintiff additionally failed to submit a request for trial or perform any other action to indicate a desire to proceed with the action. The court therefore concludes that this action must be dismissed for lack of prosecution. Judgment for dismissal will be entered accordingly.